1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GEORGE O. MITCHELL, | ) | No. C05-5258FDB/KLS |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| MARK SELING, *et al.*, | ) | |
| Defendants. | ) | |

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a pro se "Appeal to Judge of Dkt # 3 Order/Motion for self recusal/Order granting I.F.P." in the above-captioned matter. Dkt. # 4. The Honorable Karen L. Strombom, United States Magistrate Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review. Dkt. # 6. Plaintiff's motion is therefore ripe for review by this Court.

As noted in Judge Strombom's decision, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. Additionally, section 144 of title 28 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff's motion for recusal is based on nothing more than the fact that Judge Strombom directed him to provide additional information regarding his application to proceed *in forma pauperis*. Plaintiff makes no attempt to articulate, much less show, how Judge Strombom's order reflects bias or prejudice against him: where an application to proceed at the taxpayer's expense contains apparent inconsistencies or is incomplete, a request for more information is warranted. In addition, plaintiff does not identify any extrajudicial source of the alleged prejudice: the only suggestion of bias is the judge's decisions in this case. In such circumstances, the risk that the litigant is using the recusal motions for strategic purposes is considerable. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Stombom's impartiality cannot reasonably be questioned. There being no

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER                                -2-

1 evidence of bias or prejudice, plaintiff's request to remove Judge Strombom from this matter is
2 DENIED.

DATED this 7th day of June, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                                       -3-