UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE O. MITCHELL,

         Plaintiff,

     v.

MARK SELING, *et al*,

         Defendants.

Case No.  C05-5258FDB

SECOND ORDER TO SHOW CAUSE

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the Court on plaintiff's filing of a motion to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is currently detained at the Department of Social and Health Services' ("DSHS") Special Commitment Center ("SCC") on McNeil Island.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.

      On April 7, 2005, the Clerk received plaintiff's complaint and motion to proceed *in forma pauperis*. (Dkt. #1).  Plaintiff stated in his motion that he had a total of $5.00 in "life savings," and that he earned $297.00 every two weeks working for DSHS.  Plaintiff also stated he had "debt payments" averaging $520.00 a month.  Plaintiff, however, did not provide any information regarding the nature of those debt payments.  As such, because the court was unable to fully evaluate his *in forma pauperis* status,

ORDER
Page - 1

the court ordered plaintiff file by no later than June 9, 2005, a written response explaining in detail the nature of his monthly debt payments, including to whom such payments are owed and in what amounts.

On May 20, 2005, plaintiff filed a motion for reconsideration/appeal of the court's order to show cause, along with a request for recusal of the undersigned. (Dkt. #4). Both the motion and the request for recusal now have been denied by the court. (Dkt. #5, #6 and #7).

Accordingly, this Court orders the following:

(1) Plaintiff shall respond to the deficiency noted in the court's first order to show cause (Dkt. #3) by filing **no later than July 5, 2005**, a written response explaining in detail the nature of his monthly "debt payments," including to whom such payments are owed and in what amounts.

**Failure to cure this deficiency by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 14th day of June, 2005.

Karen L. Strombom
United States Magistrate Judge